Filed 5/12/14  P. v. Garcia CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LUIS ENRIQUE GARCIA, Defendant and Appellant. | B250757 (Los Angeles County Super. Ct. No. KA101047) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Nadezhda M. Habinek, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

When Joseph Cisneros left work on February 24, 2013, he discovered his 1994 Nissan was missing from the parking lot. Later that night, police pursued defendant Luis Enrique Garcia when he failed to yield after committing several traffic violations. Garcia was driving Cisneros' Nissan. The high speed chase ended when Garcia jumped out of the car and fled on foot. The police subsequently detained Garcia and took him into custody. Garcia admitted to officers that he had smoked methamphetamine earlier that day.

The People charged Garcia in a second amended information with unlawfully driving or taking a vehicle with a prior felony theft conviction involving a vehicle (Pen. Code, § 666.5); feloniously evading a pursuing police officer (Veh. Code, § 2800.2, subd. (a)); resisting, obstructing, or delaying a police officer (Pen. Code, § 148, subd. (a)(1)); and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). The information specially alleged as to the felony counts that Garcia had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (Pen. Code, § 667.5, subd. (b)). Garcia pleaded not guilty to the charges and denied the special allegations.

The trial court granted Garcia's motion for a bifurcated jury trial on the prior conviction allegations. A jury convicted Garcia on all counts.

Prior to sentencing, Garcia waived his right to a jury trial and admitted the prior conviction allegations. The trial court heard and denied his motion to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The court sentenced Garcia to an aggregate state prison term of seven years and four months, consisting of six years (the middle term of three years, doubled pursuant to the three strikes law) for driving or taking a vehicle with a prior felony theft conviction involving a vehicle, and one year and four months (one-third of the middle term of two years, doubled) for evading a pursuing police officer. The court stayed imposition of

sentence on the remaining counts pursuant to Penal Code section 654 and struck the one-year prior prison term enhancement in the interests of justice (*id*., § 1385). The court awarded Garcia presentence custody credit consisting of 342 days (171 actual days and 171 days of conduct credit). The court ordered Garcia to pay a $40 court security fee and a $30 criminal conviction assessment on each count, a $50 lab fee, a $280 restitution fine, and victim restitution to Joseph Cisneros in an amount to be determined. The court imposed and suspended a parole revocation restitution fine pursuant to Penal Code section 1202.45.

## DISCUSSION

We appointed counsel to represent Garcia on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On February 4, 2014 we advised Garcia that he had 30 days to submit any contentions or issues he wished us to consider. We have not received a response.

We have examined the record and are satisfied that Garcia's attorney on appeal has fully complied with the responsibilities of counsel and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Although the trial court orally struck the one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)), the abstract of judgment erroneously shows the trial court stayed the enhancement. Therefore, we order the trial court to correct the abstract of judgment by deleting the reference to this enhancement. (See *People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14.)[1]

_____

[1]    According to Garcia's attorney on appeal, the trial court corrected the error in the abstract of judgment reflecting the imposition of the upper term rather than the middle term as the base term for driving or taking a vehicle with a prior felony theft conviction involving a vehicle.

3

# DISPOSITION

The judgment is affirmed. The superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment that deletes the one-year prior prison term enhancement.

SEGAL. J.*

We concur:

WOODS, Acting P. J.

ZELON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.